■ Edward C. Jurman et al., Appellants, v Sun Company, Inc. (R. & M.), Respondent. [671 NYS2d 218] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about August 8, 1997, which granted defendant's cross motion for summary judgment dismissing the complaint and denied plaintiffs' motion for class certification as moot, unanimously affirmed, without costs.

We agree that plaintiffs' claims are preempted by the Petroleum Marketing Practices Act, Octane Disclosure (15 USC §§ 2821-2824) in that the preemption clause (15 USC § 2824 [a]) bans any State "provision of law or regulation" that is not the same as the Federal provisions (*see, Pennzoil Co. v Carlson*, 158 AD2d 206, 219, *lv dismissed* 77 NY2d 835). Were we not to find express preemption, we would find implied preemption, in that State standards setting stricter requirements for the posting of information regarding octane level "would unavoidably result in serious interference with the 'accomplishment and execution of the full purposes and objectives of Congress'" (*Guice v Schwab & Co.*, 89 NY2d 31, 45, *cert denied* 520 US 1118). We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.